State on relation of Mrs. J. C. ALSTON. Guardian, v. B. B. MAS-
SENBURG, LUCY H. MASSENBURG, *et al.*

(Decided December 22, 1899.)

*Clerk's Bond—Receiver—Loan of Fund.*

A Clerk of the court, appointed receiver of infant wards' estate, by
the court, with direction in the order "to collect all moneys due
them, to secure, loan, invest and apply the same for the benefit
and advantage of the said infants, under the direction and sub-
ject to such rules and orders in every respect as this court may
from time to time make in regard thereto," receives the fund
and loans it out upon note and mortgage. The fund is partially
lost by defect of title, and the Clerk's bond is sued by the guard-
ian. The jury answered, " Yes," to the following issue: Did
B. B. Massenburg, Receiver, in lending the money of the infant
ward use the discretion which an ordinarily prudent business
man would use in the investment of his own funds? *Held,* the
receiver is not liable for the loss.

CIVIL ACTION upon the official bond of the defendant B. B.
Massenburg, Clerk of Franklin Superior Court, who had been
appointed receiver of the estate of the infant wards of plain-
tiff, tried before *Moore, J.,* at January Term, 1899, of the
Superior Court of said County.

Upon the verdict of the jury in response to the issues sub-
mitted, both sides claimed the judgment of the Court. Judg-
ment was rendered in favor of plaintiff, and defendants
excepted and appealed.

*Mr. F. S. Spruill,* for appellant.
*Messrs. P. H. Cooke,* and *W. M. Pearson,* for appellee.

MONTGOMERY, J. This action was brought by the plaintiff
against the defendants to recover of them an amount of money
on the alleged ground that the defendant Massenburg who,

while Clerk of the Superior Court of Franklin County, had been appointed receiver of the estate of Willie Waugh, the plaintiff, had invested the money of the estate as such receiver without the advice of the Court, and that the money had been lost through the negligence of Massenburg in not taking proper security. The defendants admitted that the defendant Massenburg had received a certain amount of money belonging to the estate of Waugh, but not as much as was set out in the complaint. But they insisted that the other defendants, who were sureties on the official bond of Massenburg as Clerk, as aforesaid, were not liable for the acts of Massenburg as receiver. And for a further defense, the defendants averred that Massenburg as receiver invested the money of the plaintiff and used due care in making the investment, and that the loss which has been caused to the plaintiff was not caused by Massenburg's negligence. The following issues were submitted to the jury:

1. Was the plaintiff, Alston, the guardian of Willie Waugh at the time this action was instituted?

2. What amount of money did the Clerk, Massenburg, receive as receiver of the fund belonging to Willie Waugh?

3. Did Massenburg, Receiver, in lending the money of the infant ward, use the discretion which an ordinarily prudent business man would use in the investment of his own funds?

The jury responded to the first issue, "yes," to the second issue, "$271," and to the third issue, "yes."

The plaintiff moved for judgment upon the ground that the order set out as Exhibit "A" in the answer did not authorize and empower the receiver to lend the money at all and that the loan was *ultra vires,* and therefore in case of loss the receiver would be required to make the same good, even though the jury had found the third issue "yes." The Court, being of opinion with the plaintiff, granted the motion and

signed the judgment set out in the record. The defendant excepted and appealed.

Exhibit "A" referred to was a judgment and order made by Judge Whitaker at January Term, 1891, of Franklin Superior Court, and is in the following words:

This cause coming on to be heard at this term of the court before the undersigned, Judge presiding at this term of said court, and being heard upon the foregoing petition and exhibits attached, it is considered and adjudged by the Court necessary that a receiver should be appointed, for the reasons and purposes set forth in said petition and exhibits. It is therefore adjudged by the Court that B. B. Massenburg, Clerk of this court, be and he is hereby appointed receiver, to take possession of the estate of said infants, and to collect all moneys due them, to secure, loan, invest and apply the same for the benefit and advantage of the said infants, under the direction and subject to such rules and orders in every respect as this court may from time to time make in regard thereto. And the Clerk of this court is directed to docket this case upon the docket of this court for further rules and orders of this court. And it is further ordered, that the said receiver pay to John E. Woodard, Solicitor, out of any money of said estate, the sum of $20, for services rendered in this behalf, the receipt of said Solicitor to be a voucher to the receiver for said sum in his accounts. And this cause is retained for further orders, etc.

We are of the opinion that there was error in the ruling of his Honor, and in the rendition of the judgment in favor of the plaintiff. We think that a fair construction of the judgment of Judge Whitaker is that the receiver should proceed at once to collect the money, and to properly invest it. It would be a strained construction to hold that the receiver was first to ascertain where and how the investment of the fund

might be made, and then report to the court and get its advice as to what to do. We think that the order virtually instructed the receiver to invest the fund, of course using good faith and sound discretion.

The case of *Rountree v. Barnett,* 69 N. C., 76, cited by the counsel of the plaintiff, is not in point. There, the order of the court directed a specific and particular method of investment, which the officer charged with the duty violated by an investment in another manner. The change in the order was at his peril.

Error.

CLARK, J., did not sit on the hearing of this appeal.